TONY GOODMAN,

    Plaintiff,

vs.

CIVIL ACTION NO. CV699-012

JAMES E. DONALD, *et al.*,

    Defendants.

## ORDER

Plaintiff Tony Goodman ("Plaintiff"), who is currently confined at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 and Title II of the American with Disabilities Act of 1990, 42 U.S.C. § 12131, *et seq.*, ("ADA"), contesting certain conditions of his confinement while he was housed at Georgia State Prison ("GSP") in Reidsville, Georgia. Upon initial review, Plaintiff's section 1983 claims against the individually named Defendants and the Georgia Department of Corrections were dismissed, leaving for the Court's consideration Plaintiff's claims brought pursuant to the ADA. The undersigned granted the State of Georgia's Motion for Summary Judgment on Plaintiff's ADA claims based on Eleventh Amendment immunity, and Plaintiff's Complaint was dismissed. Plaintiff filed an appeal with the Eleventh Circuit Court of Appeals. The Eleventh Circuit affirmed this Court's judgment on Plaintiff's ADA claims and reversed and remanded as to several of Plaintiff's section 1983 claims. Plaintiff filed a petition for writ of certiorari with the United States Supreme Court. The United States Supreme Court granted certiorari

to consider whether Title II of the ADA validly abrogates state sovereign immunity for claims for monetary damages. The Supreme Court determined Title II validly abrogates state sovereign immunity "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment[.]" United States v. Georgia, 546 U.S. 151, ___, 126 S. Ct. 877, 882, 163 L. Ed. 2d 680 (2006) (emphasis in original). Because the Eleventh Circuit instructed this Court to permit Goodman to amend his complaint on remand, the Supreme Court reasoned this Court should determine, "on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." Id. The Supreme Court reversed the Eleventh Circuit's judgment and remanded the case for further proceedings. The Eleventh Circuit, in turn, vacated its earlier opinion and remanded the case to this Court for further proceedings. (Doc. No. 154).

By Order dated September 1, 2006, the undersigned directed Plaintiff to file an amended complaint within thirty (30) days. Plaintiff was directed to specify: 1) what specific conduct violates the Eighth and Fourteenth Amendments and is actionable under § 1983; 2) to what extent the alleged conduct underlying Plaintiff's constitutional claims also violates Title II of the ADA; 3) what specific conduct, if any, allegedly violates Title II of the ADA but not the Eighth and Fourteenth Amendments; and 4) what named Defendants are sued under § 1983, Title II of the ADA, or both, and in what capacity each named Defendant is sued. (Doc. No. 156). Plaintiff filed an Amended

Complaint in accordance with this Order. Defendants filed a Motion to Dismiss, to which Plaintiff responded. Defendants filed a Reply.

## STATEMENT OF THE CASE

Plaintiff alleges he is a paraplegic who is confined to a wheelchair. Plaintiff contends he is unable to transfer himself safely to and from his wheelchair by himself; Plaintiff also contends he requires the assistance of two (2) other people in order to safely transfer out of and into his wheelchair. Plaintiff alleges the conditions at GSP were not conducive to the needs of wheelchair-bound inmates such as himself. For instance, Plaintiff asserts his cell, to which he was confined for 23 hours a day, was not large enough to permit him to move around in his cell. Plaintiff contends the restrooms, showers, sinks, and entrances were not wheelchair accessible, there were not any physical therapy activities available, and he was denied prescribed rehabilitative treatments during the time he was housed at GSP. Plaintiff alleges he filed numerous complaints and grievances regarding the conditions at GSP, but Defendants O.T. Ray (the former Deputy Warden of Security), Johnny Sikes (former Warden at GSP), and Hilton Hall (former Warden at GSP) failed to take adequate remedial measures. Plaintiff also alleges Defendants James Donald (Commissioner of the Georgia Department of Corrections), Victor Walker (Warden at ASMP), and Hugh Smith (Warden at GSP)[1] were made aware of the conditions at GSP but also failed to take adequate remedial measures. Plaintiff avers he faces the same conditions, for the most part, at ASMP as he did at GSP, and that Defendants Walker, Ron Whitaker (Deputy Warden for Care and Treatment at ASMP), and the ADA Defendants have failed to remedy these

---

[1] Plaintiff grouped Defendants Donald, Walker, and H. Smith as the "ADA Defendants." (Doc. No. 172, ¶ 7).

3

conditions. Plaintiff seeks declaratory relief, preliminary and permanent injunctive relief, and damages pursuant to Title II of the ADA, the Rehabilitation Act ("RA"), 29 U.S.C. § 701, et seq., and section 1983 for violations of his rights under the First, Eighth, and Fourteenth Amendments of the Constitution.

Defendants assert Plaintiff's Amended Complaint should be dismissed for several reasons. Defendants contend Plaintiff did not follow this Court's September 1, 2006, Order. Defendants also contend Plaintiff's ADA and RA claims for damages must be dismissed because individual defendants are not subject to liability under these Acts. Defendants assert Plaintiff's ADA and RA claims are otherwise barred by res judicata and collateral estoppel principles. Defendants allege Plaintiff's claims arising from conduct occurring at GSP and Ware State Prison ("WSP")[2] are barred by the applicable statute of limitations. Defendants contend Plaintiff fails to state a claim against them in their individual capacities under section 1983, they are entitled to qualified immunity, and Plaintiff's request for injunctive relief against Defendants in their official capacities is too vague.

## STANDARD OF DETERMINATION

Defendants filed the instant motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of their contentions that Plaintiff's claims are barred by res judicata and collateral estoppel, Defendants have submitted exhibits for the Court's consideration. FED. R. CIV. P. 12(b) provides: "If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties

---

[2] Plaintiff asserts his rights were violated while he was incarcerated at WSP in 2003.

4

shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Pursuant to FED. R. CIV. P. 56, a court must give the parties ten days' notice that it is converting the moving parties' motion to dismiss into a motion for summary judgment. Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002).

Upon review of the parties' pleadings and documentation in support thereof, the undersigned converts the portion of Defendants' Motion to Dismiss asserting Plaintiff's claims are barred by res judicata and collateral estoppel into a Motion for Summary Judgment. Accordingly, given the nature of these proceedings, the parties shall have twenty (20) days from the receipt of this Order to file any desired additional documents.

The remainder of Defendants' assertions will be addressed under the Rule 12(b)(6) standard. A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed. 2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly

AO 72A
(Rev. 8/82)

low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Failure to Follow Court Order

Defendants aver Plaintiff's Amended Complaint should be dismissed pursuant to FED. R. CIV. P. 41(b) because Plaintiff failed to abide by the undersigned's Order dated September 1, 2006.[3] Defendants assert Plaintiff failed to abide by the undersigned's direction to assert what specific conduct violates the Eighth and Fourteenth Amendment and is actionable under § 1983 because Plaintiff fails to "identify what *specific* conduct he alleges '*is actionable under* . . . *§ 1983*' as ordered by the Court." (Doc. No. 187, p. 7) (emphasis in original). Defendants contend Plaintiff generally fails to state with sufficient particularity which state actors committed acts or omissions against him to rise to the level of a constitutional violation. Defendants also contend it is difficult, if not impossible, to properly address Plaintiff's claims due to the generality of Plaintiff's claims. Defendants allege Plaintiff does not identify any claim which applies under the ADA and §1983, which makes it impossible for the Court to evaluate the abrogation issue under the ADA. Defendants state Plaintiff does not address the specific conduct violative of Title II but which does not violate the Eighth and Fourteenth Amendments. Finally, Defendants contend Plaintiff has filed an entirely new lawsuit rather than an amended complaint because Plaintiff asserts new causes of action against two additional prisons and a different set of Defendants.

---

[3] Defendants refer to Orders dated August 1 and September 1, 2006. As there is no Order dated August 1, 2006, appearing on the Court's docket sheet, the undersigned presumes Defendants mistakenly have referred to an Order dated August 1, 2006.

Plaintiff asserts he identified conduct which violates the Eighth and Fourteenth Amendments and is actionable under section 1983. Plaintiff also asserts he separately identified conduct actionable under the ADA and conduct which violated the ADA and the RA but not the Eighth Amendment. Plaintiff further asserts he identified each of the named Defendants and in what capacities each is sued. Plaintiff contends the facts relevant to his ADA, RA, and § 1983 claims are relevant to his equal protection claims. Plaintiff alleges the facts underlying all of his claims are relevant to his retaliation claims because his retaliation claims "arise in connection with Defendants' actions taken in response to [his] attempts to enforce his constitutional and statutory rights." (Doc. No. 191, pp. 12-13). Plaintiff notes the incorporation of all underlying facts in Counts IV through VI in his Amended Complaint is not grounds for dismissal. Plaintiff also notes, consistent with the Eleventh Circuit's September 16, 2004, opinion, he is entitled to amend and streamline his Complaint to include all relevant facts and applicable claims.

The facts set forth in paragraphs 28 through 63 of Plaintiff's Amended Complaint are common to all of his claims. Plaintiff sets forth in paragraphs 64 through 71 facts specific to his ADA and RA claims. In addition, Plaintiff sets forth facts in paragraphs 72 through 107 which are specific to his section 1983 claims. Plaintiff also sets forth six counts and incorporates facts specific to these counts which are particular to each of those counts. It is clear Plaintiff followed the Court's September 1, 2006, Order as to requirements 1 through 3. Plaintiff also followed this Court's instructions by stating in what capacity, individual and/or official, he wished to sue each of the named Defendants. (Doc. No. 172, ¶¶ 4-19.) This portion of Defendants' Motion seeking the dismissal of Plaintiff's Amended Complaint is **denied**.

## II. ADA and RA Claims against Individual Defendants

Defendants assert Plaintiffs ADA and RA claims for damages against Defendants Donald, Walker, and H. Smith should be dismissed because there is no individual liability under these Acts. Plaintiff asserts he brought his ADA and RA claims against Defendants Donald, Walker, and H. Smith in their official capacities only.

Plaintiff states Defendants Donald, Walker, and H. Smith, in their official capacities, are collectively the "ADA Defendants." (Doc. No. 172, ¶ 7). However, Plaintiff also states these Defendants are sued in their individual and official capacities. (Doc. No. 172, ¶¶ 4-6). Plaintiff could have been clearer on this point, but it appears his ADA and RA claims are against these three Defendants only in their official capacities. To the extent Plaintiff's Amended Complaint can be read to assert claims against these Defendants in their individual capacities, this portion of Defendants' Motion is **granted**. Plaintiff's claims against Defendants Donald, Walker, and H. Smith in their individual capacities, brought pursuant to the ADA and RA, are **dismissed**. See Miller v. King, 384 F.3d 1248, 1263 (11th Cir. 2004).

## III. Statute of Limitations

Defendants allege Plaintiff filed a cause of action in 1997 in which he claimed he was being discriminated against based on his disability, he was not being assisted in transferring from his wheelchair, GSP was not properly equipped to house handicapped prisoners, and he was denied access to the courts. Defendants contend Plaintiff filing a lawsuit in 1997 is clear evidence that Plaintiff believed his constitutional rights and his rights as a disabled person were violated.[4] Defendants also contend Plaintiff's claim

---

[4] Defendants cite one of their attached exhibits in support of their contention Plaintiff's claims are barred by the applicable statute of limitations; however, the undersigned did not rely on this exhibit in

that Defendant T. Cochran denied him medical care and treatment while he was housed at WSP should be dismissed. Defendants assert Plaintiff's claim against Defendant Cochran arose from events which occurred in 2003, and, accordingly, Plaintiff should have brought his claim against Defendant Cochran no later than 2005.

Plaintiff asserts his claims are not barred by the two year statute of limitations because he alleges ongoing constitutional and statutory violations. In addition, Plaintiff asserts his claims against Defendant Cochran arose from conduct which occurred when the instant case was on appeal, and the statute of limitations period was tolled during the pendency of his appeal. Defendants respond that Plaintiff's claim against Defendant Cochran does not relate back to his original complaint, nor was Defendant Cochran named in Plaintiff's original complaint. Defendants aver Plaintiff's appeal would not toll the statute of limitations for Plaintiff's claim against Defendant Cochran.

It is axiomatic that a plaintiff must file his claims within the applicable statute of limitations. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003). "'Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983.'" Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (quoting Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998)). Although 42 U.S.C. § 1983 does not provide a specific statute of limitations, courts are to apply the most appropriate and analogous state statute of limitations in these type of civil rights actions. Burnett v. Grattan, 468 U.S. 42, 49, 104 S. Ct. 2924, 2929, 82 L. Ed. 2d 36 (1984). The statute of limitations for this action, determined by state law, is two years.

---

determining whether Plaintiff's claims are barred by the statute of limitations. Therefore, it was not necessary to convert this portion of Defendants' Motion to Dismiss to a motion for summary judgment.

O.C.G.A. § 9-3-33 (2006); Harding v. Staub, 490 U.S. 536, 538, 109 S. Ct. 1998, 2000, 104 L. Ed. 2d 582 (1989).

Federal law determines when the statute of limitations begins to run, and the statute for section 1983 actions begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003). An exception to this rule is the continuing violation doctrine, which distinguishes whether "the plaintiff complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuance of that violation into the present, which does." Knight v. Columbus, Ga., 19 F.3d 579, 580-81 (11th Cir. 1994).

Plaintiff was housed at GSP from 1996 to 1999 and again from early 2004 until August 2005. (Doc. No. 172, ¶ 33.) Taking Plaintiff's contentions as true, which this Court must do on a Motion to Dismiss, the conditions at GSP did not improve for Plaintiff after he was transferred back to GSP in 2004. Thus, the nature of Plaintiff's allegations appears to represent a continuing violation, and the cessation of the violation of Plaintiff's rights at GSP was in August 2005. Plaintiff filed his Amended Complaint on November 20, 2006, well within the two year statute of limitations period. Likewise, Plaintiff's claims against officials at ASMP were filed within the statute of limitations period. Even if Plaintiff did not allege facts sufficient to satisfy the continuing violation doctrine, it appears Plaintiff's claims against officials at ASMP did not arise until early 2006. (Doc. No. 172, ¶¶ 56-63.) The portion of Defendants' Motion seeking

the dismissal of Plaintiff's claims arising from events which occurred at GSP and ASMP is **denied**.

In contrast, Plaintiff's claim against Defendant Cochran was filed outside of the applicable statute of limitations period. Plaintiff did not bring a claim against Defendant Cochran in his original Complaint, and thus, the fact that the instant cause of action was on appeal in 2003 would not toll the statute of limitations period. See O.C.G.A. § 9-11-15(c); Parks v. Hyundai Motor America, Inc., 258 Ga. App. 876, 881, 575 S.E. 2d 673, 677 (2002) ("When a party attempts to add a new party defendant after the statute of limitation expires", a party must show: "(1) the amendment adding the new defendant arose out of the same facts as the original complaint; (2) the new defendant had sufficient notice of the action; and (3) the new defendant knew or should have known that but for a mistake concerning his identity as a proper party, the action would have been brought against him."). This portion of Defendants' Motion is **granted**, and Plaintiff's claim against Defendant Cochran is **dismissed**.

IV. **Failure to State a Claim under § 1983 Against Defendants in Their Individual Capacities.**

   A. **Conclusory Allegations Against Defendants Donald, Walker, H. Smith, Whitaker, Sikes, Ray, and Hall[5]**

Defendants allege Plaintiff's claims against Defendants Donald, Walker, H. Smith, Whitaker, Sikes, Ray, and Hall in their individual capacities must be dismissed because Plaintiff does not assert any specific wrongdoing by these Defendants. Defendants assert Plaintiff only claims Defendants Donald, Walker, H. Smith, Whitaker,

---

[5] Under this portion of their Motion, Defendants contend Plaintiff does not have a constitutional right to a grievance procedure and that Defendants did not deny Plaintiff access to the courts. A review of Plaintiff's Amended Complaint indicates Plaintiff does not allege, as separate constitutional violations, that he was denied access to the courts or that he has a right to a grievance procedure. These portions of Defendants' Motion are **dismissed**.

AO 72A
(Rev. 8/82)

11

Sikes, Ray, and Hall "failed to take adequate steps to remedy the problems he brought to their attention." (Doc. No. 187, pp. 19-20), which is inadequate to establish how these Defendants deprived Plaintiff of any constitutional right or privilege.

Plaintiff contends § 1983 actions are subject to heightened pleading requirements, but his allegations must be taken as true. Plaintiff also contends he must be given the benefit of all reasonable inferences from his Complaint. Plaintiff avers his Amended Complaint details the unlawful conditions of his confinement. Plaintiff also avers Defendants Donald, Walker, H. Smith, Whitaker, Sikes, Ray, and Hall were aware of the unlawful conditions, were in a position to remedy these conditions, and did nothing in response.

Plaintiff's assertions that Defendants Donald, Walker, H. Smith, Whitaker, Sikes, Ray, and Hall were aware of unlawful conditions of his confinement and failed to take remedial action to correct or improve these conditions are sufficient to survive Defendants' Motion to Dismiss. While Plaintiff's assertions in this regard may not be as specific as they could be, Plaintiff should have the opportunity to flesh out specific allegations against Defendants Donald, Walker, H. Smith, Whitaker, Sikes, Ray, and Hall throughout the course of the litigation of this case. See Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The portion of Defendants' Motion seeking the dismissal of Plaintiff's claims against Defendants Donald, Walker, H. Smith, Whitaker, Sikes, Ray, and Hall is **denied**.

### B. Respondeat Superior

Defendants assert Plaintiff fails to establish a causal connection between the actions of Defendants Fleming, Hughes, Whimbly, and De La Hunt and the deprivation

of his constitutional rights. Defendants contend Plaintiff's claims against these four (4) Defendants are subject to dismissal because Plaintiff only alleges "one specific § 1983 claim" against each of these Defendants. (Doc. No. 187, p. 22).

Plaintiff alleges he does not rely on a theory of respondeat superior in bringing claims against Defendants Fleming, Hughes, Whimbly, and De La Hunt. Rather, Plaintiff asserts, he points to specific examples of constitutional violations each of these Defendants committed.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

Plaintiff does not seek to hold Defendants Fleming, Hughes, Whimbly, and De La Hunt liable based on their supervisory positions. Plaintiff seeks to hold these Defendants liable for constitutional violations Plaintiff contends these Defendants actually committed. This portion of Defendants' Motion is **denied**.

## C. Retaliation

Defendants contend Plaintiff generally alleges all section 1983 Defendants retaliated against him by confiscating his legal materials and other property, interfered with his legal mail, transferred him from prison to prison, placed him in administrative segregation, and subjected him to verbal and physical abuse. According to Defendants, Plaintiff's conclusory claims of retaliation do not rise to the level of a constitutional violation and should be dismissed. Plaintiff counters that his Amended Complaint is replete with examples of retaliatory conduct engaged in by the section 1983 Defendants.

To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed a grievance concerning the conditions of his imprisonment." Id.

Plaintiff asserts in his Amended Complaint that the section 1983 Defendants have retaliated against him in various ways as punishment for filing grievances and pursuing this litigation. Plaintiff provides as a specific example of retaliation that Defendants Michael Momment and T. Smith, who were the subject of grievances Plaintiff filed, assaulted Plaintiff upon his arrival at ASMP. Plaintiff asserts his belief this assault by Defendants Momment and T. Smith was motivated by Plaintiff's exercise of his statutory and constitutional rights. (Doc. No. 172, ¶¶ 102-106). Though Plaintiff only

AO 72A
(Rev. 8/82)

14

provides a specific act of retaliatory conduct at the hands of Defendants Momment and T. Smith, his general allegations of retaliation are sufficient to survive Defendants' Motion to Dismiss. This portion of Defendants' Motion is **denied**.

V.  **Qualified Immunity**

Defendants assert, even if Plaintiff has established constitutional injuries, they are entitled to qualified immunity on Plaintiff's section 1983 claims. Defendants contend they were performing discretionary acts in good faith while acting within the scope of their authority. Defendants also contend they did not have "fair warning" that their conduct violated clearly established law. Plaintiff alleges Defendants' qualified immunity argument fails because the facts underlying his claims detail conduct which "has long been held to be unconstitutional." (Doc. No. 191, p. 23.)

Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002)). A government official must first prove that he was acting within his discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority. Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1303 (11th Cir. 2006). Once the government official has shown he was acting

within his discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity.

The Supreme Court has established a two-part test to determine the applicability of qualified immunity: First, the court must determine whether plaintiff's allegations, if true, establish a constitutional violation. Hope, 536 U.S. at 736, 122 S. Ct. at 2513. If, under the plaintiff's allegations, the defendants would have violated a constitutional right, then "the next, sequential step is to ask whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202, 121 S. Ct. at 2156.

Defendants' assertion that they are entitled to qualified immunity on Plaintiff's § 1983 claims is without merit. Plaintiff's claims brought pursuant to section 1983, if true, establish constitutional violations by Defendants. Plaintiff asserts Defendants were deliberately indifferent to his serious medical needs, and it was clearly established law at the times of the events in question that prison officials are not to exhibit deliberate indifference to the serious medical needs of prisoners. See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). It was also clearly established law at the times of the events in question that prison officials are not to retaliate against inmates who exercise their First Amendment rights. See Thomas v. Evans, 880 F.2d 1235 (11th Cir.1989). Defendants' Motion seeking dismissal of Plaintiff's § 1983 claims based on qualified immunity is **denied**.

## VI. Injunctive Relief

Finally, Defendants assert Plaintiff's requests for injunctive relief do not adequately notify them of the specific conduct Defendants are to avoid, and thus, are too vague to allow for enforcement. Plaintiff asserts Defendants' argument misconceives the requirements of FED. R. CIV. P. 65(d), and his requests for injunctive relief are not subject to dismissal.

Defendants contend Plaintiff's requests for injunctive relief should be dismissed because they are vague based, in part, on Rule 65(d) of the Rules of Civil Procedure. That Rule states: "Every order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail . . . the act or acts sought to be restrained." FED. R. CIV. P. 65(d). It is clear Rule 65(d) is not implicated at this point in the litigation. This portion of Defendants' Motion to Dismiss is **denied**.

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 187) is **GRANTED**, in part, **DISMISSED**, in part, and **DENIED**, in part. To the extent Plaintiff's Amended Complaint can be read to assert ADA and RA claims against Defendants Donald, Walker, and H. Smith in their individual capacities, Defendants' Motion is **GRANTED**, and Plaintiff's ADA and RA claims against Defendants Donald, Walker, and H. Smith in their individual capacities are **DISMISSED**. The portion of Defendants' Motion seeking the dismissal of Plaintiff's deliberate indifference claim against Defendant Cochran is **GRANTED**, and Plaintiff's claim against Defendant Cochran is **DISMISSED**. The Clerk of Court is directed to strike from the docket of this case "Officer T. Cochran" as a named Defendant. The portions of Defendants' Motion

seeking the dismissal of Plaintiff's access to the courts and the right to a grievance procedure are **DISMISSED**. Otherwise, Defendants' Motion is **DENIED**.

The State of Georgia is listed as a Defendant upon the docket of this case; however, Plaintiff has not listed the State of Georgia as a Defendant in his Amended Complaint, nor has Plaintiff made any factual allegations against the State of Georgia. Therefore, the State of Georgia is **DISMISSED** as a named Defendant.

The parties are directed to file any further documentation in support of their respective positions pertaining to the issues of res judicata and collateral estoppel within twenty (20) days of this Order. Moreover, the undersigned will allow the parties to submit briefs pertaining to the abrogation issue, as discussed in United States v. Georgia and in the Eleventh Circuit opinion.

SO ORDERED, this 24th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE