Goodman v. Donald, et al.
CV699-12

MEMBERS OF THE JURY:

Now that you have heard the evidence and the arguments, it is my duty to instruct you as to the law applicable to this case.  It is your duty as jurors to follow the law as I state it to you and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions and nothing I have said or done during the course of this trial is to be taken as an indication that I have any opinion about the facts of the case or who should prevail in the case.  It is your function to determine the facts and the party who should prevail.

You must perform your duties as jurors without bias or prejudice as to any party.  In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy or by prejudice, for or against anyone.

The fact that a prisoner is a party to this case must not affect your

decision in any way.  Likewise, your decision must not be effected in any way based on the fact that a governmental agency or persons working for a governmental agency are parties to this case.  This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

The burden is on the Plaintiff in this civil action to prove every essential element of his claim by a "preponderance of the evidence."  If the Plaintiff fails to establish any essential element of his claim by a preponderance of the evidence, then you must find for the Defendants.  A "preponderance of the evidence" means to prove that something is more likely true than not true.  This rule does not require proof to an absolute certainty.

In your deliberations, you should consider only the evidence — that is, the sworn testimony of the witnesses, regardless of who called them, and the exhibits I admitted in the record, regardless of who produced them — but as you consider the evidence you may make deductions and reach conclusions that reason and common sense lead you to make.   Any

2

evidence as to which an objection was sustained must be entirely disregarded.

Also, remember that anything that the attorneys said is not evidence in the case.  Your own recollection and interpretation of the evidence controls.  The questions are not evidence.  If anyone asked a witness a question which required an assumption of fact, that is not evidence.

There are two types of evidence from which you may properly find the facts of the case.  One is direct evidence -- such as testimony of an eyewitness.  The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.  The law makes no distinction between direct or circumstantial evidence, but simply requires you to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

In weighing the testimony of a witness, you are not limited to considering only what you see and hear as the witness testifies.  You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your own experience.  "Inferences" are deductions or conclusions that reason and common sense

3

lead you to draw from facts that have been established by the evidence.

You should not determine the weight of evidence by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a large number of witnesses to the contrary. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate and otherwise trustworthy.

The testimony of a single witness that produces in your mind a belief in the likelihood of truth is sufficient to prove any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not

4

mean that you must accept that opinion.   The same as with any other witness, it is up to you to decide whether to rely upon it.

If you find the evidence is evenly balanced upon any issue in this case, then it would be your duty to resolve such issue against the Plaintiff, who has the burden of proof upon this issue, and return a verdict for Defendants.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.   You should carefully scrutinize each witness' testimony, the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is worthy of belief.   You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contradicting the testimony given.   Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand.   Consider the witness' ability to observe matters as to which he or she testified, and whether he or she impressed you as having an accurate recollection of those matters. Consider also any relation each witness may bear to the parties and the manner in which each witness might be affected by the verdict.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an incident or transaction may see or hear it differently.  Innocent mis-recollection and failure of recollection are not uncommon experiences.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.  After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.  You may accept or reject the testimony of any witness in whole or in part.

Generally, when witnesses appear and testify, they are presumed to speak the truth unless impeached in some manner provided by law.  To impeach a witness means to discredit him, or prove him unworthy of belief.  A witness may be impeached by disproving the facts to which he testifies, or by proof of the witness' bias or motive to testify falsely, or by proof of a prior inconsistent statement made by the witness, or by proof that the witness has been convicted of a crime punishable by death or imprisonment for more than one year.

If a witness is contradicted as to a material matter, you must determine his credibility as to other matters. If you find that the witness willfully and knowingly testified falsely, his testimony as to all matters must be disregarded entirely, unless corroborated by other credible evidence. It is your duty to determine the credibility, if any, to be given to the testimony of a witness who has been impeached.

Plaintiff has brought this suit under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, or the ADA.

This trial addresses the issue of whether Plaintiff has a "disability," as that term is defined by the ADA. Plaintiff is required to prove that element by a preponderance of the evidence. Defendants deny that Plaintiff has a disability.

Plaintiff has a "disability" if he has shown he has a physical impairment that substantially limits one or more major life activities or that Defendants "regarded" him as having such an impairment.

Plaintiff has a "physical impairment" if he has shown that he suffered from a disorder, condition, or anatomical loss in his neurological, musculoskeletal, and/or genitourinary systems and/or has an orthopedic impairment.

Plaintiff is "substantially limited" if he has shown he is unable to perform a major life activity that the average person can perform or is significantly restricted as to the condition, manner, or duration under which a person could perform a particular major life activity.    The term "substantially" means considerable or to a large extent, and does not include an impairment that interferes in only a minor way with performing common tasks.   Thus, Plaintiff can be considered to have an impairment which substantially limits one or more major life activities if that impairment prevents or severely restricts Plaintiff from doing the kinds of activities that are of central importance to his daily life as an inmate.

Three factors you should consider in determining whether the Plaintiff's alleged impairment substantially limits a major life activity are: (1) its nature and severity; (2) how long it will last or is expected to last; and (3) its permanent or long term impact, or expected impact.   Temporary injuries and impairments of limited duration are not disabilities under the ADA.   If you find that Plaintiff can walk only for very brief periods of time or for short distances, you need not automatically find that he has no substantial limitation as defined under the ADA.

A "major life activity" refers to those activities that are of central

8

importance to daily life.  Examples of major life activities are caring for oneself, performing manual tasks, walking, talking, seeing, hearing, and breathing.

In determining whether Plaintiff has a physical impairment that substantially limits a major life activity, you may consider the effects of corrective or mitigating measures, such as artificial aids like medications and devices, that have been taken or provided by Defendants.

You are charged that you can consider whether Defendants "regarded" Plaintiff as having a physical impairment that substantially limits one or more major life activities.  In making this determination, you should consider whether Plaintiff: (1) has a physical impairment that does not substantially limit major life activities but was treated by Defendants as having such a limitation; (2) has a physical impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) does not have an impairment but was treated by Defendants as having a substantially limiting impairment.

If you find that Defendants were aware of Plaintiff's physical condition, this, standing alone, does not mean that Defendants believe or believed that Plaintiff's condition was substantially impairing.  In addition, if

Defendants provided Plaintiff with certain accommodations for his alleged physical impairment or impairments, this fact, standing alone, does not support the inference that Defendants regarded Plaintiff as being disabled.

If you determine Plaintiff meets the definition of disabled under the ADA, you must then determine on what date Plaintiff became disabled, as that term has been defined for you.

The Verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges - judges of the facts.  Your sole interest is to

seek the truth from the evidence of the case.

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in Court.  A form of verdict has been prepared for your convenience.

[Read Verdict Form]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form which sets forth the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

I again caution you that nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way what verdict I think you should find.  Determination of the verdict is your sole and exclusive duty and responsibility.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a Marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any

member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

Bear in mind also that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.