IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO GEORGIA

| | |
|---|---|
| TONY GOODMAN, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| VS. | : |
| | : 6:99-012-JEG |
| JAMES E. DONALD, et al., | : |
| Defendants. | : |

**DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S "MOTION TO ALTER THE JUDGMENT/or The OCT. 09 ADA TRIAL"**

On March 31, 2011, Plaintiff filed a "Motion to Alter the Judgment/or The Oct. 09, ADA Trial." (Doc. 493). Plaintiff appears to be challenging the judgment entered by the Court on October 29, 2009 (Doc. 371)[1],

---

[1] The October judgment provided as follows:

> [t]hat judgment is hereby entered in favor of the Defendants and against Plaintiff on Plaintiff's claims brought under the Americans with Disabilities Act ("ADA"), 42 U.S. C. § 1201, et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, et. seq.. In accordance with the Jury Verdict, Plaintiff is not and was not a person with a disability, as that term is defined by the ADA and the RA, at any time between 1999 and October 28, 2009. Plaintiff does not and did not have a physical impairment that substantially limits or limited one or more major life activity at any time between 1999 and October 28, 2009. Defendants do not and did not regard Plaintiff as having a

following the jury verdict in Defendants' favor on October 28, 2009. (Doc. 370). Plaintiff's motion is both untimely under the Federal Rules of Civil Procedure and does not raise any newly discovered evidence or set forth any manifest error justifying alteration and therefore, should be denied.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff has styled his motion as a "motion to alter" judgment and is therefore, presumably attempting to proceed under FED. R. CIV. P. 59(e). Under the plain language of that rule, a motion to alter or amend a judgment must be filed "no later than 28 days after the judgment is entered." FED. R. CIV. P. 59(e). However, the judgment which Plaintiff appears to be challenging was rendered by the Court on October 29, 2009, nearly a year and a half prior to the foregoing motion being filed. Therefore, it should be denied as untimely.

Moreover, even if not untimely, Plaintiff's motion should be denied. Defendants recognize that "the decision to alter or amend a judgment is committed to the sound discretion of the district court. *Drago v. Jenne*, 453 F. 3d 1301, 1305 (11th Cir. 2006); *Lockard v. Equifax, Inc.*, 163 F.3d 1259,

---

physical impairment that substantially limits or limited one or more major life activity at any time between 1999 and October 28, 2009. Plaintiff's 42 U.S.C. § 1983 claims remain pending. Doc. 371.

1267 (11th Cir. 1998) (*citing O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)). However, the Eleventh Circuit has determined that

> [t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact. *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alterations in original). In his motion to alter judgment, Plaintiff identifies no new evidence or manifest error. In fact, it is somewhat unclear what relief the Plaintiff seeks. He asserts only that "[h]ere in this case, and for the past 15 years Plaintiff Goodman has been regarded as having an impairment." (Doc. 493, p. 2). However, at the referenced October, 2009, trial[2] the jury was presented with the question of whether the Plaintiff was "regarded as" disabled and found against the Plaintiff, as reflected in the jury verdict and the subsequent judgment. (Doc. 370, 371). Plaintiff appears to

---

[2] The Court previously bifurcated issues for trial and in October of 2009, presided over a jury trial limited to the question of whether the Plaintiff was an individual with a disability as that term is defined by the ADA. (Doc. 309). At trial, Plaintiff's counsel at the time was permitted to present the question of whether Plaintiff was disabled or alternatively, whether he was regarded as disabled by the Defendants. (Doc. 328). The special interrogatories presented to the jury also included the separate argument of whether Plaintiff was regarded as disabled. (Doc. 370).

3

be merely attempting to reargue factual issues previously decided by the district court.

Second, to the extent that Plaintiff's motion is instead an attempt to move for reconsideration of the Court's order, Plaintiff does not present an appropriate basis for reconsideration for much the same reason.  Typically, reconsideration is only justified where there is "an intervening change in controlling law, the availability of new evidence, and the need to correct clear error or prevent manifest injustice." *Estate of Pidcock By and Through Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322, 1333 (S.D. Ga. 1989) (Edenfield, J.).  A motion for reconsideration should not be used as a vehicle "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).  Nor do such motions present an opportunity to instruct the Court on how it "'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).  To the extent that Plaintiff's motion is intended as a motion for reconsideration, Plaintiff simply repackages arguments already considered and rejected and does not present a cogent argument for reconsideration.

Even pro se plaintiffs are required to follow procedural rules. *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Plaintiff's motion does not - in form, substance, or timeliness -- and should be denied.

## CONCLUSION

For each of the foregoing reasons, Defendants pray that Plaintiff's motion will be denied.

Respectfully submitted this 6th day of April, 2011.

> SAMUEL S. OLENS            551540
> Attorney General
>
> KATHLEEN M. PACIOUS    558555
> Deputy Attorney General
>
> DEVON ORLAND              554301
> Senior Assistant Attorney General
>
> *s/Susan L. Rutherford*          621475
> SUSAN L. RUTHERFORD
> Senior Assistant Attorney General
>
> SUSAN E. TEASTER            701415
> Assistant Attorney General

PLEASE SERVE:
SUSAN L. RUTHERFORD
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Telephone: (404) 463-8850
Facsimile: (404) 651-5304
Email: srutherford@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this date I have electronically filed the foregoing **DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S "MOTION TO ALTER THE JUDGMENT/or The OCT. 09 ADA TRIAL"** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Sasha Samberg-Champion
>Dept. of Justice-Appellate Section, Civil Rights Division
>P.O. Box 14403, Ben Franklin Station
>Washington, DC 20044-4403

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>Tony Goodman
>GDC No. 233269
>Johnson State Prison
>P.O. Box 344
>Wrightsville, GA 31086

This 6th day of April, 2011.

>*s/Susan L. Rutherford*
>Georgia Bar No. 621475